## BANCHOR *v.* WARREN.

If a verbal contract is made for the sale and delivery of certain specified quantities of different kinds of spirituous liquors, at agreed prices, the property will not pass, and the sale is not complete until the liquors are separated and set apart for the purchaser.

The statutory offence of selling spirituous liquors without license is not committed by the bargain for a sale; to constitute the offence there must be a completed sale, which passes the property.

If a bargain is made for certain quantities of spirituous liquors, to be set apart and delivered by the seller in Massachusetts, and the liquors are accordingly separated and put on the railway in Boston, and so transported to the purchaser in Maine, the sale is completed in Boston, and is no violation of the law of Maine which prohibited the sale.

ASSUMPSIT upon a promissory note, signed by the defendant, and payable to the plaintiff or order, on demand, with interest for $160.03, and dated "Boston, June 4, 1851."

Plea, the general issue.

It was admitted that this note was given for certain spirituous liquors, sold by plaintiff to defendant on or about December 4, 1850, and that the note was actually made by the defendant at Somersworth, N. H., on the day of its date, or thereabouts: That at the time of the sale of the liquors (December 4, 1850,) the defendant lived in Berwick, in the State of Maine, and the plaintiff in Boston, Mass. It was proved that by the laws of Maine, in force at that time, such sale of liquors, if made in that State by a person having no license, was void, and that no

action could be maintained for the purchase money. And it was also proved that the plaintiff had no such license in the town of Berwick. It also appeared that if the sale in this case were made in Berwick, it was made by the plaintiff's agent, one Boyden, who also, as such agent, afterwards obtained of the defendant the note upon which the plaintiff now brings this suit. It did not appear where the liquors were actually delivered ; whether at Boston or Berwick, or at Great Falls, N. H. It only appeared that the liquors were received by the defendant by the railroad, which did not extend to Berwick.

The question submitted to the jury was, " where was the sale of the liquors made ?" and they were instructed that if they should find from all the evidence that the liquors were sold at Berwick, their verdict would be for the defendant, but if at Boston, then it would be for the plaintiff.

The court also instructed the jury that if they should find that there was a verbal contract, made at Berwick, for the sale and delivery of certain specified quantities of different kinds of spirituous liquors, at certain specified prices for each, and that it was stipulated in the contract that the liquors should be delivered at a certain place within a given time, and such liquors were so delivered in accordance with the stipulations of the contract, that this would constitute a sale at Berwick, whether the liquors were in fact delivered at Boston or at Berwick, or in New-Hampshire.

The jury returned a verdict for the defendant, which the plaintiff moves to set aside.

*R. Eastman,* for the plaintiff.

*Jordan,* for the defendant.

PERLEY, C. J. On this case it must be taken that, in pursuance of a verbal contract made in Berwick, the liquors were separated and delivered in Boston, or some other place where the sale was legal. The verbal contract stated in the case did

not designate any particular liquors which were sold in specie to the defendant. It was for the sale of certain quantities of liquors of certain qualities; the liquors were to be measured out and separated from others of the same kind before the defendant could take them. No property in any liquors would pass by virtue of this bargain; the property would not vest in the purchaser till they were separated and set apart for him by the seller.

If the liquors were separated and put on board the railway in Boston for the defendant, pursuant to the contract, to be transported to him in Maine according to the usual course of business, there would in law be a delivery of the liquors to the defendant in Boston, and the property would pass to him there, according to the terms of the bargain before made in Maine. The sale, then, would be made and completed in Boston, and not in Maine.

The statutory offence of selling spirituous liquors without license is committed by the sale which passes the property, and not by the negotiations and bargains which precede the sale. *Woolsey* v. *Bailey*, 7 Foster 217; *Smith* v. *Smith*, 7 Foster 244; *Smith* v. *Godfrey*, 8 Foster 379.

*The verdict must be set aside.*